(59 App. Div. 572.)

MANHATTAN RY. CO. v. COMSTOCK et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—COMMISSIONERS' REPORT—
SIGNING UNDER DURESS.

Where a commissioner in condemnation proceedings signed the report against his will under a mandate of the court, which was subsequently adjudged to have been improperly issued, and should have been denied, the report was properly set aside, as the signing by such commissioner was under duress.

2. SAME—SETTING ASIDE COMMISSIONERS' REPORT—RIGHTS OF INFANTS.

The setting aside of a void report of commissioners in condemnation proceedings will not be precluded by the fact that property rights of infants would be thereby affected, since infants can acquire no greater rights than adults where the act is void.

Appeal from special term, New York county.

Condemnation proceedings by the Manhattan Railway Company against William T. Comstock, as trustee, and others. From an order vacating a final order confirming awards of commissioners, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

L. M. Berkeley, for appellants.
W. H. Godden, for respondent.

VAN BRUNT, P. J. The circumstances under which the report in question was signed by Mr. Morrison, one of the commissioners, having been before this court in the case of People v. Morrison, 54 App. Div. 262, 66 N. Y. Supp. 519, it is not necessary to rehearse the facts. This court there held that the peremptory mandamus, under the pressure of which Mr. Morrison signed the report, was improperly issued, and the order directing its issuance was reversed, and the motion for a mandamus denied; which adjudication has been affirmed by the court of appeals. 59 N. E. 1128. Mr. Morrison having signed the report in question in obedience to a mandate of this court, and against his own will, and such mandate having been adjudged to have been improper, and it having been adjudged that the application therefor should have been denied, the signature of the report by Mr. Morrison was made while he was under duress, and in law the report never had been signed by such commissioner at the time of the confirmation; and hence such order of confirmation was irregular, and was properly set aside.

The suggestion that the court cannot interfere with the vested rights of infants certainly can have no weight under such circumstances. Infants can get no greater rights than adults where an act is done under circumstances which make it null and void.

The order should be affirmed, with costs. All concur.